## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

**KEVIN WILLIAM CASSADAY,**

    **Plaintiff,**

    **v.**                                 **CASE NO.  25-3219-JWL**

**FEDERAL BUREAU OF PRISONS,**
**North Central Regional Office,**

    **Defendant.**

## MEMORANDUM AND ORDER TO SHOW CAUSE

Plaintiff Kevin William Cassaday is hereby required to show good cause, in writing to the undersigned, why this action should not be dismissed for lack of jurisdiction.

## I.  Nature of the Matter before the Court

Although Plaintiff's claims are based on his conditions of confinement at USP Thompson in Thompson, Illinois, Plaintiff appears to be currently out of custody and residing in Hope, Michigan.  The Court grants Plaintiff's motion for leave to proceed in forma pauperis (Doc. 4).

Plaintiff asserts jurisdiction under 42 U.S.C. § 1981; 42 U.S.C. § 1983; and 5 U.S.C. § 706. (Doc. 1, at 4.)  Plaintiff names the Defendant as the "U.S. Department of Justice Federal Bureau of Prisons North Central Regional Office." *Id*. at 3.  Plaintiff states that a person can challenge an agency for withholding or unreasonably delaying a required action, citing § 706 of the Administrative Procedure Act ("APA").  However, he does not indicate what agency action he is challenging.  He merely states that "[t]he agency failed to take a discrete action that it is required to take." *Id*.  He also refers to the case as an "Appeal of Agency Decision." *Id*. at 1.  He claims that he has suffered a wrong or was otherwise harmed by agency action, describing agency action to "include both rulemaking and adjudications—such as the award or denial of a license, sanction,

or other form of relief—as well as an agency's failure to act." *Id*. at 4.  Plaintiff lists Administrative

Court Claim #:TRT-NCR-2024-04765 as an "associated case." *Id*. at 5.

Under the section of his Complaint titled "Facts," Plaintiff alleges that he was sentenced to

37 months of imprisonment on October 10, 2023, and he arrived at USP Thomson around the

beginning of December 2023.  *Id*. at 6.   Plaintiff claims that his release paperwork provided for

"Immediate Release" on April 14, 2024, but due to a lockdown he was not released until May 6,

2024.  *Id*.  Plaintiff's Complaint then sets forth a list of "Issues of Legal Questions" as follows:

> 1. Was Mr. Cassaday restraigned [sic] beyond the bounds of the laws
> promulgated by US Congress & the Sentencing Commission Rules
> to retaliate against him?
> 2. Was the 'Immediate Release' ignored to abuse & torment Mr.
> Cassaday beyond the US Law?
> 3. Did staff act like they had no knowledge of release, in attempt to
> incite adverse reactions leading up to release & during release?
> 4. Did the staff not make connecting bus routes or a destination to
> further abuse Mr. Cassaday?
> 5. Did staff willfully neglect their duty to allow preparation of
> release to facilitate a successful re-entry for Mr. Cassaday?
> 6. Did the Warden engage in false reports of a weapons [sic], gun,
> in order to force a USP lockdown during this timeframe presented
> from 4-14-2024 till after Cassaday's release of 5-6-2024?
> a. Did this false report result in waste, fraud & abuse to the US
> Government resources?

*Id*. at 7.

Plaintiff's Complaint sets forth his conditions at USP Thomson, including:  him witnessing

numerous  vindictive and retaliatory staff; Unit Manager Nink denying toilet paper to inmates and

berating them for asking; Unit Manager Nink refusing hygiene supplies upon inmates' arrivals and

until the next week of supplies distribution; and dirty cells with only toilet paper to use for cleaning.

*Id*. at 8.  Plaintiff also alleges that his cellmate that was a heavy drug user pushed Plaintiff and

attempted to fight him.  *Id*.  Plaintiff claims that he asked to be moved to a different cell and staff

refused.  *Id*.  Plaintiff alleges that a guard confronted the cellmate and said he was told that the

cellmate "had been getting pretty loaded up." *Id*.  Plaintiff alleges that his cellmate and another inmate cornered Plaintiff in his cell, confronting him about what the guard said to the cellmate. *Id*.

Plaintiff alleges that shortly thereafter, the whole prison was put on lockdown and "the U.S. Marshals came in with real guns, on unit floors & inmates were on a full lockdown & to not be helped by staff for their legal or any needs." *Id*. at 9.  Plaintiff alleges that the lockdown was due to false reports, "due to the amount of illicit drug use by inmates, which most likely was entering into the prison by staff itself, subjecting inmates to torment for staff issues." *Id*. at 11. Plaintiff claims that during the lockdown the  commissary was shut down, and inmates were fed brown bags for weeks on end and until after Plaintiff's departure. *Id*. at 9.  Plaintiff alleges that he was locked in his cell with his cellmate during this whole time at Thomson, and Plaintiff received "no assistance to depart the abusive situation by BOP staff." *Id*.  Plaintiff claims that during the lockdown, inmates were not allowed to take their own hygiene items to the shower, and because Plaintiff has a sulfur allergy, he was told they had soap and shampoo for him to use. *Id*. Plaintiff alleges that when he arrived at the shower, they gave him shampoo with sulfur. *Id*.

Plaintiff alleges that during his entire incarceration he suffered from colorectal bleeding and fecal tests were coming back negative. *Id*.  Plaintiff alleges that he was scheduled for a colonoscopy just before his departure, and he believes part of the reason for the lockdown was to thwart his scheduled colonoscopy. *Id*. at 9–10.  Plaintiff alleges that he has a Federal Tort Claims Act ("FTCA") claim regarding his colorectal bleeding, referencing Butner Federal Medical Center in North Carolina. *Id*. at 10 (citing TRT-MXR-2025-08891).  Plaintiff alleges that he finally got the surgical care he needed to solve the problem around July 2025. *Id*.  Plaintiff states that he has

made a FOIA request with the BOP and was told it could take up to a year to obtain the information. *Id*. at 11.

Plaintiff names the Federal Bureau of Prisons' North Central Regional Office as the sole defendant.  For relief, Plaintiff seeks:  $1,000,000,000.00; for the Court to "render the lower agencies wrong & to have them adjudicate the FTCA"; and for the Court to find that the BOP engaged in "obstruction of justice in order to mitigate & delay light [sic] of those such abuses." *Id*. at 12.

## II. Statutory Screening

The Court is required to dismiss a case filed by a plaintiff proceeding in forma pauperis:

> at any time if the court determines that—
> (A) the allegation of poverty is untrue; or
> (B) the action or appeal—
>     (i) is frivolous or malicious;
>     (ii) fails to state a claim on which relief may be
>      granted; or
>     (iii) seeks monetary relief against a defendant who
>      is immune from such relief.

28 U.S.C. § 1915(e)(2).

A court liberally construes a pro se complaint and applies "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).  In addition, the court accepts all well-pleaded allegations in the complaint as true. *Anderson v. Blake*, 469 F.3d 910, 913 (10th Cir. 2006).  On the other hand, "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief," dismissal is appropriate. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 558 (2007).

A pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based."  *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to

relief' requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555 (citations omitted). The complaint's "factual allegations must be enough to raise a right to relief above the speculative level" and "to state a claim to relief that is plausible on its face." *Id.* at 555, 570.

The Tenth Circuit Court of Appeals has explained "that, to state a claim in federal court, a complaint must explain what each defendant did to [the *pro se* plaintiff]; when the defendant did it; how the defendant's action harmed [the plaintiff]; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citation omitted).

The Tenth Circuit has pointed out that the Supreme Court's decisions in *Twombly* and *Erickson* gave rise to a new standard of review for § 1915(e)(2)(B)(ii) dismissals. *See Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007) (citations omitted); *see also Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009). As a result, courts "look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief." *Kay*, 500 F.3d at 1218 (citation omitted). Under this new standard, "a plaintiff must 'nudge his claims across the line from conceivable to plausible.'" *Smith*, 561 F.3d at 1098 (citation omitted). "Plausible" in this context does not mean "likely to be true," but rather refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent," then the plaintiff has not "nudged [his] claims across the line from conceivable to plausible." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (citing *Twombly*, 127 S. Ct. at 1974).

## III.  DISCUSSION

The Court has "an independent obligation to determine whether subject-matter jurisdiction exists" that extends to "any stage in the litigation." *Mocek v. City of Albuquerque*, 813 F.3d 912, 934 (10th Cir. 2015) (quoting *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 506 (2006)).  Federal courts are courts of limited jurisdiction, as "[t]hey possess only that power authorized by Constitution and statute . . . which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted).  Plaintiff asserts jurisdiction under 42 U.S.C. § 1981; 42 U.S.C. § 1983; and 5 U.S.C. § 706.

### 1. 42 U.S.C. § 1983

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins,* 487 U.S. 42, 48 (1988) (citations omitted); *Northington v. Jackson*, 973 F.2d 1518, 1523 (10th Cir. 1992).  A defendant acts "under color of state law" when he "exercise[s] power 'possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.'" *Id*. at 49 (citations omitted).  Plaintiff was a federal prisoner and names the North Central Regional Office of the FBOP as the sole defendant.  Plaintiff provides no factual claim or support for a claim that the defendant acted under color of state law.  Plaintiff does not have a cause of action under 42 U.S.C. § 1983.

### 2. 42 U.S.C. § 1981

Section 1981 provides that "[a]ll persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of

persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other." 42 U.S.C. § 1981(a).  The statute further provides that "[t]he rights protected by this section are protected against impairment by nongovernmental discrimination and impairment under color of State law." *Id.* at § 1981(c).

Plaintiff has not alleged that he was subjected to discrimination in the making or enforcing of a contract or that this Court would have jurisdiction of such a claim. *See United States ex rel. May v. United States*, 839 F. App'x 214, 217 (10th Cir. 2020) (unpublished) (finding that May failed to identify any specific language in various statutes, including § 1981, that would displace the Tucker Acts exclusive jurisdiction over his contract claims against the federal defendants).[1]

Plaintiff has also failed to allege racial discrimination. *See Ajaj v. Federal Bureau of Prisons*, 2011 WL 902440, at *3 (D. Colo. 2011), *aff'd* 561 F. App'x 657 (10th Cir. 2014), *cert. denied* 574 U.S. 804 (2014) (stating that § 1981 "prohibits discrimination against persons based upon their race").  "To plead a claim under § 1981, [a plaintiff] must allege facts showing: (i) that he is a member of a protected class (*i.e.* that he is not white); (ii) that each charged Defendant took some action against him that interfered with an activity protected under § 1981[]; and (iii) that the Defendant took that action with the intent to discriminate against [the plaintiff] because of his race." *Id.* (citing *Hampton v. Dillard Dept. Stores, Inc.,* 247 F.3d 1091, 1101–02 (10th Cir.2001)).

Plaintiff has failed to allege that he was subjected to racial discrimination in the making or enforcing of a contract or that this Court would have jurisdiction of such a contract claim in light of the Tucker Act.  Plaintiff has failed to show that the Court has jurisdiction under 42 U.S.C.

---

[1] The Tenth Circuit cited the Tucker Act (28 U.S.C. § 1491) and the Little Tucker Act (28 U.S.C. § 1346) as vesting the Court of Federal Claims with exclusive jurisdiction over contract claims against the United States for more than $10,000. *Id.* at 217 (citing *Burkins v. United States*, 112 F.3d 444, 449 (10th Cir. 1997)).  The Tenth Circuit found that "the district court correctly concluded that, as to the federal defendants, it lacked subject-matter jurisdiction over counts one and two—contract claims seeking millions of dollars." *Id.*

§ 1981.

### 3.  5 U.S.C. § 706

Lastly, Plaintiff asserts jurisdiction under 5 U.S.C. § 706.  Generally, a reviewing court may "hold unlawful and set aside agency action, findings, and conclusions found to be . . . arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law." 5 U.S.C. § 706.  "The APA authorizes the Court to examine final agency actions—including decisions reached by the BOP—to ensure that they are not "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." *Ajaj*, 2011 WL 902440, at *3 (citing 5 U.S.C. § 706(2)(A); *Jordan v. Wiley,* 2009 WL 1698509 (D. Colo. Jun. 17, 2009) (slip op.)).  To adequately plead an APA claim, a plaintiff must:  "(i) identify a decision by a Defendant that constitutes a "final agency action"; and (ii) allege facts showing that the action was arbitrary, capricious, or otherwise not in accordance with law."  *Id*.  A "final agency action" is one that "constitutes a definitive statement of the agency's position with direct and immediate consequences."  *Id*. (citation omitted).

However, certain decisions made by the BOP are exempt from judicial review procedures.  While most agency actions are reviewable under the APA, there are two notable exceptions. "The notable two exceptions, found in 5 U.S.C. § 701(a)(1) and (2), are for situations in which judicial review is expressly precluded by statute or the agency action is committed to agency discretion by law." *Payton v. United States Dep't of Agric.,* 337 F.3d 1163, 1167–68 (10th Cir. 2003).

Section 3625 of Title 18 provides that "[t]he provisions of section 554 and 555 and 701 through 706 of title 5, United States Code, do not apply to the making of any determination, decision, or order under this subchapter."  18 U.S.C. § 3625.  Subchapter C deals with: imprisonment of a convicted person; temporary release of a prisoner; transfer of a prisoner to State authority; and release of a prisoner.  *Id*. at § 3621–§ 3624.  The Tenth Circuit has held that 18

U.S.C. § 3625 "bars APA review of BOP substantive disciplinary determinations involving the reduction of good time credits." *Jordan v. Wiley,* 411 Fed. App'x 201, 214 (10th Cir. 2011); *see also Brown v. Holder*, D.D.C.2011, 770 F. Supp. 2d 363 (D.D.C. 2011) (Federal prisoner had no right of action under Administrative Procedure Act (APA) arising from Federal Bureau of Prisons' (BOP) failure to reclassify his security level and re-designate him to minimum-security facility, since BOP decisions involving security classifications and facility designations were exempt by statute from judicial review under APA); *Miller v. Federal Bureau of Prisons*, 703 F.Supp.2d 8 (D.D.C. 2010) (Federal prisoner had no right of action under Administrative Procedure Act (APA) arising from Federal Bureau of Prisons' (BOP) recalculation of his history of violence (HOV) score, since BOP decisions involving custody classification and place of confinement were expressly exempt by statute from judicial review under APA); *Brown v. Federal Bureau of Prisons*, 602 F.Supp.2d 173 (D.D.C. 2009) (Suit under Administrative Procedure Act (APA) was not available to federal prisoner even under liberal construction of complaint as challenge to decision of Bureau of Prisons (BOP) of where to house him, since prisoner's place of imprisonment, and his transfers to other federal facilities, were specifically exempted from challenge under APA).  Because Plaintiff gives no details as to what agency action he is seeking to review, the Court cannot tell if it is exempted under § 3625 or if the agency action is committed to agency discretion by law.

It is also unclear whether Plaintiff received a final decision by the agency.  He claims that the agency failed to take a discrete action, but then he also suggests he is appealing the denial of his FTCA claim.  *See Palay v. United States*, 349 F.3d 418, 425 (7th Cir. 2003) (stating that although federal inmate may bring FTCA suit for injuries sustained while incarcerated, "the

plaintiff may not bring such a suit unless he has first presented his claim to the appropriate federal agency and that agency has denied the claim") (citing 28 U.S.C. § 2675(a)).

If Plaintiff is suggesting that there is a delay in the BOP providing a final determination for his FTCA claim, § 2675 provides that "[t]he failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section." 28 U.S.C. § 2675(a). Therefore, Plaintiff would not need court action to obtain a final denial. If his FTCA claim was denied, that would serve as a prerequisite for purposes of bringing an FTCA action in federal court. *See* 28 U.S.C. § 2401(b) ("A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues or unless action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented.").

The FTCA, 28 U.S.C. §§ 1346(b)(1), 2671–2680, "allows the United States to be sued for claims arising out of negligent or wrongful acts or omissions of its employees, when such employees are acting within the scope of their duties." *Ingram v. Faruque*, 728 F.3d 1239, 1245 (10th Cir. 2013) (citing § 1346(b)(1)). The FTCA "provides the exclusive avenue to assert a claim sounding in tort against the United States." *Franklin Sav. Corp., In re*, 385 F.3d 1279, 1286 (10th Cir. 2004), *cert. denied*, 546 U.S. 814 (2005) (citing 28 U.S.C. § 2679(a), which provides that "the FTCA remedy is 'exclusive' for all 'claims which are cognizable under section 1346(b)'").

The FTCA has procedural and jurisdictional requirements. *See Staggs v. U.S. ex rel. Dep't of Health and Human Servs.*, 425 F.3d 881, 885 (10th Cir. 2005) (stating that the "FTCA's presentation requirements are jurisdictional and cannot be waived") (citation omitted). The Tenth Circuit has summarized the FTCA requirements as follows:

10

> Under the FTCA, filing an administrative claim with the appropriate
> federal agency is a prerequisite to bringing a civil action against the
> United States for damages for the negligence or wrongful act of any
> United States employee. 28 U.S.C. § 2675(a); *Three-M Enterprises,*
> *Inc. v. United States*, 548 F.2d 293, 294 (10th Cir. 1977) . . . A claim
> is deemed presented when a federal agency receives from a claimant
> "an executed Standard Form 95 or other written notification of an
> incident, accompanied by a claim for money damages in sum certain
> for . . . personal injury, or death alleged to have occurred by reason
> of the incident." 28 C.F.R. § 14.2(a). "[B]ringing an administrative
> claim is a jurisdictional prerequisite to suit, imposed by Congress,
> which the courts have no power to waive." *Nero v. Cherokee Nation*
> *of Oklahoma*, 892 F.2d 1457, 1463 (10th Cir. 1989); *see also*
> *Bradley v. United States*, 951 F.2d 268, 270 (10th Cir. 1991).

*Industrial Constructors Corp. v. U.S. Bureau of Reclamation*, 15 F.3d 963, 967 (10th Cir. 1994).

Section 2675(a) provides that "[a]n action shall not be instituted" upon an FTCA claim "unless the

claimant shall have first presented the claim to the appropriate Federal agency and his claim shall

have been finally denied by the agency in writing . . . ." *Id*. at n.1. The amount of damages claimed

in a lawsuit under the FTCA is limited to "the amount of the claim presented to the federal agency."

28 U.S.C. § 2675(b); *see McNeil v. United States*, 508 U.S. 106, 108 n.2 (1993) (citing 28 U.S.C.

§ 2675(a)).

Therefore, exhaustion of administrative remedies is a prerequisite to suit under the FTCA,

and courts lack jurisdiction over FTCA claims not presented to the appropriate federal agency.

*See* 28 U.S.C. § 2675(a); *Greenlee v. U.S. Postal Serv.*, 247 F. App'x 953, 954–55 (10th Cir. 2007).

"Because the FTCA constitutes a waiver of the government's sovereign immunity, the notice

requirements established by the FTCA must be strictly construed." *Bradley v. United States by*

*Veterans Admin.*, 951 F.2d 268, 270 (10th Cir. 1991) (citation omitted). "The requirements are

jurisdictional and cannot be waived." *Id*. (citation omitted); *Duplan v. Harper*, 188 F.3d 1195,

1199 (10th Cir. 1999) ("As a jurisdictional prerequisite, the FTCA bars claimants from bringing

suit in federal court until they have exhausted their administrative remedies.") (citing 28 U.S.C.

11

§ 2675(a); *McNeil*, 508 U.S. at 113; *Pipkin v. U.S. Postal Service*, 951 F.2d 272, 273 (10th Cir. 1991)).

However, if Plaintiff is attempting to bring a FTCA claim in this Court, the FTCA's special venue provision requires such claims be brought "only in the judicial district where the plaintiff resides or wherein the act or omission complained of occurred." 28 U.S.C. § 1402(b).  The acts he appears to be complaining of occurred as USP Thomson in Thomson, Illinois.  Therefore, any such claim would need to be brought in the Northern District of Illinois.  Furthermore, "[t]he United States is the only proper defendant in an FTCA action."  *Smith v. U.S.*, 561 F.3d 1090, 1099 (10th Cir. 2009) (quoting *Oxendine v. Kaplan*, 241 F.3d 1272, 1275 n.4 (10th Cir. 2001)).

### 4.  Relief Requested

Plaintiff seeks:  $1,000,000,000.00; for the Court to "render the lower agencies wrong & to have them adjudicate the FTCA"; and for the Court to find that the BOP engaged in "obstruction of justice in order to mitigate & delay light [sic] of those such abuses."  (Doc. 1, at 12.)

#### A.  Compensatory Damages

Plaintiff seeks $1,000,000,000.00 in damages.  Plaintiff would not be entitled to monetary damages under the APA.  *See Ajaj*, 2011 WL 902440, at n. 4 ("The Court notes that the United States has waived its sovereign immunity with regard to APA claims only for purposes of granting injunctive relief.") (citing 5 U.S.C. § 702; *Armendariz–Mata v. U.S. Dept. of Justice,* 82 F.3d 679, 682 (5th Cir.1996)); *see also* 5 U.S.C. § 702.

Considering the Defendant in this case, Plaintiff would not be entitled to damages under *Bivens* because a federal agency is immune from an action predicated on *Bivens*.[2]  *F.D.I.C. v. Meyer*, 114 S. Ct. 996, (1994) (holding that "[s]overeign immunity is jurisdictional in nature" and

---

[2] *See Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971).

that a *Bivens* cause of action cannot be brought against a federal agency); *Pinson v. Fed. Bureau of Prisons*, 647 F. App'x 375, 376 (5th Cir. 2016) (concluding the BOP was entitled to sovereign immunity).

Even if Plaintiff could amend his Complaint to asserts a *Bivins* action seeking damages, he would need to name staff from USP Thomsas as defendants.  Under 28 U.S.C. § 1391(b):

> A civil action may be brought in –
>
> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated . . .

28 U.S.C. § 1391(b)(1)–(2).  Accordingly, venue would not be proper in this Court.

### B.  Obstruction of Justice

Plaintiff asks this Court to find that the BOP engaged in obstruction of justice.  "[T]he statutory provisions outlawing obstruction of justice do not provide a private cause of action." *Sullivan v. Univ. of Kansas Hosp. Auth.*, 844 F. App'x 43, 51 (10th Cir. 2021) (unpublished) (citation omitted); *see also Hopson v. Shakes*, 2013 WL 1703862, at *2 (W.D. Ky. 2013) ("Obstruction of justice, however, is a federal crime . . . [t]he federal obstruction of justice statutes, 18 U.S.C. §§ 1501 *et seq.,* do not provide for a private cause of action or civil remedies.") (citing *see, e.g., Hamilton v. Reed,* 29 F. App'x 202, 204 (6th Cir. 2002) ("Hamilton possesses no private right of action against the defendants for alleged violations of 18 U.S.C. §§ 1505, 1506, and 1509."); *Marshall v. Green,* No. 3:10CV–224–H, 2010 WL 1959514, at *3 (W.D. Ky. May 17, 2010) ("Obstruction of justice is a criminal charge that does not provide a private cause of action.")).  Plaintiff does not have a cause of action for obstruction of justice and is not entitled to declaratory relief regarding such a claim.

13

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff's Motion for Leave to Proceed in Forma Pauperis (Doc. 4) is **granted.**

**IT IS FURTHER ORDERED** that Plaintiff is granted until **November 24, 2025,** in which to show good cause, in writing to the undersigned, why Plaintiff's Complaint should not be dismissed for lack of jurisdiction.

**IT IS SO ORDERED**.

**Dated October 27, 2025, in Kansas City, Kansas.**

<u>S/  John W. Lungstrum</u>
**JOHN W. LUNGSTRUM**
**UNITED STATES DISTRICT JUDGE**