IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

KEVIN WILLIAM CASSADAY,

    **Plaintiff,**

v.      CASE NO. 25-3219-JWL

FEDERAL BUREAU OF PRISONS,
North Central Regional Office,

    **Defendant.**

## MEMORANDUM AND ORDER

Plaintiff brings this action asserting jurisdiction under 42 U.S.C. § 1981; 42 U.S.C. § 1983; and 5 U.S.C. § 706. (Doc. 1, at 4.) The Court granted Plaintiff leave to proceed in forma pauperis. Although Plaintiff's claims are based on his conditions of confinement at USP Thompson in Thompson, Illinois, Plaintiff appears to be currently out of custody and residing in Hope, Michigan. (Doc. 4). Plaintiff names the Federal Bureau of Prisons' North Central Regional Office as the sole defendant. For relief, Plaintiff seeks: $1,000,000,000.00; for the Court to "render the lower agencies wrong & to have them adjudicate the FTCA"; and for the Court to find that the BOP engaged in "obstruction of justice in order to mitigate & delay light [sic] of those such abuses." (Doc. 1, at 12.)

On October 27, 2025, the Court entered a Memorandum and Order to Show Cause (Doc. 6) ("MOSC") granting Plaintiff until November 24, 2025, in which to show good cause why his Complaint should not be dismissed for lack of jurisdiction. Plaintiff has failed to respond by the Court's deadline.

The Court found in the MOSC that Plaintiff provides no factual claim or support for a claim that the defendant acted under color of state law, and therefore Plaintiff does not have a cause of action under 42 U.S.C. § 1983. The Court also found that Plaintiff failed to allege that he was

1

subjected to racial discrimination in the making or enforcing of a contract or that this Court would have jurisdiction of such a contract claim in light of the Tucker Act. Therefore, Plaintiff failed to show that the Court has jurisdiction under 42 U.S.C. § 1981.

Plaintiff also asserts jurisdiction under 5 U.S.C. § 706. The Court found in the MOSC that Section 3625 of Title 18 provides that "[t]he provisions of section 554 and 555 and 701 through 706 of title 5, United States Code, do not apply to the making of any determination, decision, or order under this subchapter." 18 U.S.C. § 3625. Subchapter C deals with: imprisonment of a convicted person; temporary release of a prisoner; transfer of a prisoner to State authority; and release of a prisoner. *Id*. at § 3621–§ 3624. The Tenth Circuit has held that 18 U.S.C. § 3625 "bars APA review of BOP substantive disciplinary determinations involving the reduction of good time credits." *Jordan v. Wiley,* 411 Fed. App'x 201, 214 (10th Cir. 2011); *see also Brown v. Holder*, D.D.C.2011, 770 F. Supp. 2d 363 (D.D.C. 2011) (Federal prisoner had no right of action under Administrative Procedure Act (APA) arising from Federal Bureau of Prisons' (BOP) failure to reclassify his security level and re-designate him to minimum-security facility, since BOP decisions involving security classifications and facility designations were exempt by statute from judicial review under APA); *Miller v. Federal Bureau of Prisons*, 703 F.Supp.2d 8 (D.D.C. 2010) (Federal prisoner had no right of action under Administrative Procedure Act (APA) arising from Federal Bureau of Prisons' (BOP) recalculation of his history of violence (HOV) score, since BOP decisions involving custody classification and place of confinement were expressly exempt by statute from judicial review under APA); *Brown v. Federal Bureau of Prisons*, 602 F.Supp.2d 173 (D.D.C. 2009) (Suit under Administrative Procedure Act (APA) was not available to federal prisoner even under liberal construction of complaint as challenge to decision of Bureau of Prisons (BOP) of where to house him, since prisoner's place of imprisonment, and his transfers to other

federal facilities, were specifically exempted from challenge under APA).  The Court found that because Plaintiff gives no details as to what agency action he is seeking to review, the Court cannot tell if it is exempted under § 3625 or if the agency action is committed to agency discretion by law.

The Court also found that if Plaintiff is attempting to bring a FTCA claim in this Court, the FTCA's special venue provision requires such claims be brought "only in the judicial district where the plaintiff resides or wherein the act or omission complained of occurred." 28 U.S.C. § 1402(b).  The acts he appears to be complaining of occurred as USP Thomson in Thomson, Illinois.  Therefore, any such claim would need to be brought in the Northern District of Illinois. Furthermore, "[t]he United States is the only proper defendant in an FTCA action."  *Smith v. U.S.*, 561 F.3d 1090, 1099 (10th Cir. 2009) (quoting *Oxendine v. Kaplan*, 241 F.3d 1272, 1275 n.4 (10th Cir. 2001)).

Plaintiff asks this Court to find that the BOP engaged in obstruction of justice.  "[T]he statutory provisions outlawing obstruction of justice do not provide a private cause of action." *Sullivan v. Univ. of Kansas Hosp. Auth.*, 844 F. App'x 43, 51 (10th Cir. 2021) (unpublished) (citation omitted); *see also Hopson v. Shakes*, 2013 WL 1703862, at *2 (W.D. Ky. 2013) ("Obstruction of justice, however, is a federal crime . . . [t]he federal obstruction of justice statutes, 18 U.S.C. §§ 1501 *et seq.,* do not provide for a private cause of action or civil remedies.") (citing *see, e.g., Hamilton v. Reed,* 29 F. App'x 202, 204 (6th Cir. 2002) ("Hamilton possesses no private right of action against the defendants for alleged violations of 18 U.S.C. §§ 1505, 1506, and 1509."); *Marshall v. Green,* No. 3:10CV–224–H, 2010 WL 1959514, at *3 (W.D. Ky. May 17, 2010) ("Obstruction of justice is a criminal charge that does not provide a private cause of action.")).  The Court found in the MOSC that Plaintiff does not have a cause of action for obstruction of justice and is not entitled to declaratory relief regarding such a claim.

3

Plaintiff has failed to respond to the MOSC by the Court's deadline and has failed to show good cause why his Complaint should not be dismissed for lack of jurisdiction.

**IT IS THEREFORE ORDERED BY THE COURT** that this matter is **dismissed without prejudice** for lack of jurisdiction.

**IT IS SO ORDERED**.

**Dated December 1, 2025, in Kansas City, Kansas.**

**S/ John W. Lungstrum**
**JOHN W. LUNGSTRUM**
**UNITED STATES DISTRICT JUDGE**
